## STATE v. WILLIAM A. ADAMS.

Court of Quarter Sessions. Kent. November 17, 1803.

*Rodney's Notes.*

*Vandyke* [for State].  *Bayard, Wilson, Robinson, Horsey, N. Wells* [for defendant].

James Porter.  April, 1802, I married one of the children and representatives of Jesse Windsor.  I demanded Negro Hannah and she was given up to be as the slave of my wife by William Adams.  November 1, 1802, until October, 1803, I had possession of her, and lost possession of her Monday before election.  At night she went out to the kitchen an hour after dark; at bedtime found she was gone and had taken her clothes.  Next morning wrote William Adams he had stolen the Negro.

Cross-examined.  My wife was sixteen February 1, 1802, is the daughter of William Adams' wife who had one girl and two boys beside by Jesse Windsor.  I lived at William Adams' till October after I was married, then rented a house of William Adams.  He claimed the girl, but we agreed to leave it to men and in the meantime she was put into my possession till the title was tried.  There has been disputes between Adams and me.  I appeared before Collander Griffith and informed him of the felony.  I expected to allow for Hannah when we came to settlement.

December 14, 1802, letter from Adams to Porter.

*Wilson.*  Objection to admission of certain papers or accounts "that they appear to have been taken out of a book, that they were never delivered by Adams, but obtained improperly by Porter from a chest of Adams in his house."

*Vandyke.*

*Bayard.*

PER CURIAM. The papers offered appear to be a part only of a whole and also not properly obtained from defendant.

Philip Marvel. I applied to Adams to purchase Hannah the first of October and bargained with him if his wife was willing for $160, and paid him $100. She was sent to me Monday evening one or two hours in the night. I saw him the day after the election and paid him the balance. Negro David was at my house with Hannah.

Cross-examined. I have her yet, never heard anybody else claimed her, till since we went to the magistrate.

Adam Marvel.

Levin Stewart. Adams, in reply to what I said, said if she was stolen, Porter stole her himself, and he would make him pay for *her* or *it,* and he said afterwards she was his own.

Elisha Hitchins. Adams said the girl was only hired to Porter but was his property and that he had sold her. He got her by his wife, etc.

Jesse Green. Adams said that the girl was stole or sold by Porter.

William Jones. Adams said did not know but Porter had sold her.

*Mr. Bayard.* The prosecutor has produced no evidence of the felonious intent and as to the property we can clearly show you it was in us.

Inventory of Jesse Windsor £296. Negro woman and child, Hannah appeared. Administration account of William A. and Peggy. Letter of A. Porter.

Notice dated August 1, 1803, to James A. Porter to move off.

John Adams.

Sally Adams. William Adams agreed to hire Hannah to Porter for 7/6 per month, threatened to take Adams' life with a pistol, etc.

Attorney General. A person may steal his own goods. 4 Bl. Comm. 230. Hawk.P.C. 135, ss. 5 to 15. 2 Del.Laws 667, 668. Act against slave stealing.

*N. Wells* for defendant. 4 Bl.Comm. 356.

*Robinson.* Fost. 183. If a man takes his own goods with intent to charge.

*Horsey, Wilson.* William Adams never acknowledged the Negro was Porter's.

*Bayard.* Two questions in this case. First, the property must be proved as stated in the indictment; which is that property was in Porter, on which point Attorney General has fixed in his proof, but we have proved the property absolutely in William Adams. Second point, whether he took her with intent to steal. There is no evidence of concealment whatever, neither can you discover the least motive.

Attorney General. It is not necessary in this case to state the special property in the indictment, but we may recover if we prove it, though it is stated generally.

PER CURIAM. It is necessary, to convict the defendant, to prove property in Porter as stated in the indictment. The principle of law, "that a man may steal his own goods," does not apply in this case. The indictment should be proved as stated. The felonious intent should also be proved to your satisfaction.

Verdict, not guilty.